# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 09-20178-TLM** |
| **STERLING MINING COMPANY,** ) | |
| ) | **Chapter 11** |
| ) | |
| **Debtor in Possession.** ) | |
| _____ ) | |
| ) | |
| **STERLING MINING COMPANY,** ) | |
| ) | **Adv. No. 09-07014-TLM** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **SUNSHINE PRECIOUS METALS,** ) | |
| **INC., and SNS SILVER CORP.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OF DECISION ON TURNOVER
_____

## BACKGROUND AND FACTS

The issue of "turnover" of estate property is raised in both the above

chapter 11 case and adversary proceeding.

### 1.    The adversary proceeding

On March 13, 2009, Sterling Mining Company, the chapter 11 debtor in

possession ("DIP"), filed a complaint commencing adversary proceeding 09-

MEMORANDUM OF DECISION (TURNOVER) - 1

07014-TLM against Sunshine Precious Metals, Inc. ("SPMI") and SNS Silver

Corp.  *See* Adv. Doc. No. 1.  Among other things, the complaint alleges that real

and personal property subject to a 2003 lease agreement between Sterling and

SPMI, generally consisting of the Sunshine Mine and Mill in Shoshone County,

Idaho (the "Sunshine Mine"), constitutes a valuable asset of the estate.[1]  The DIP

sought turnover of the leasehold through this adversary proceeding.[2]

After SPMI filed an answer, it filed a motion seeking judgment on the

pleadings under Fed. R. Civ. P. 12(c), incorporated by Fed. R. Bankr. P. 7012(b).

*See* Adv. Doc. No. 17 (the "Rule 12 Motion").[3]  SPMI argued that the DIP's

complaint failed to state a cause of action for turnover because the existence of the

DIP's interest in the lease or leasehold was in dispute.

Several matters in the chapter 11 case came on for hearing on May 5, 2009,

as did SPMI's Rule 12 Motion.  The Court took the Rule 12 Motion under

advisement.  Adv. Doc. No. 31 (minute entry).

Subsequently, the Court entered the Lease Decision, determining the lease

---

[1]  The Court incorporates by reference its May 15, 2009 Decision in the chapter 11 case
at Doc. No. 131 ("Lease Decision"), that determined the subject lease (*see* Ex. 100 in the records
of the chapter 11 case) was not terminated prepetition even though Sterling relinquished
possession of the real property to SPMI in late February, 2009.  That Decision is also reported at
2009 WL 1377471.

[2]  The DIP named SNS Silver as a Defendant and sought turnover against it because
SPMI had given possession of the Sunshine Mine to SNS Silver immediately before the filing.

[3]  SNS Silver filed its answer and joined SPMI's motion.  *See* Adv. Doc. Nos. 20, 21.

MEMORANDUM OF DECISION (TURNOVER) - 2

had not been terminated prior to the chapter 11 filing, and the same was subject to assumption by the DIP under § 365. This Lease Decision is therefore material to the Rule 12 Motion.

### 2. The chapter 11 case

On July 30, 2009, the DIP brought an "Emergency Motion for Turnover of Estate Property" in the chapter 11 case. *See* Doc. No. 272. The DIP contends the Sunshine Mine is at impending risk of damage from rising water and inadequate maintenance. This has been an ongoing concern and has heightened since SNS Silver, which had been maintaining and care-taking the mine for SPMI since immediately after Sterling's February surrender of possession, left the property on July 14, 2009.

SPMI resists surrender of possession of the leasehold to the DIP and argues that it can and will protect the Sunshine Mine and related property. Evidence at hearing on August 4 indicates that, while security has been put in place by SPMI since SNS Silver's departure, a "care and maintenance" team had not been hired by SPMI as of that date.

The Court concludes that both the Rule 12 Motion and the motion in the chapter 11 case for turnover may be addressed and resolved in this single Decision.

MEMORANDUM OF DECISION (TURNOVER) - 3

**DISCUSSION AND DISPOSITION**

Generally speaking, a debtor in possession is just that – "in possession" of the property of the estate. The rights of other parties are protected by myriad provisions of the Bankruptcy Code and Rules that circumscribe what a DIP can and cannot do with property of the estate.

### 1.     The adversary proceeding

When the Rule 12 Motion was first heard, there was an impediment to granting turnover. As SPMI then argued, a dispute over the ownership of property renders the turnover of such disputed property to the debtor in possession inappropriate. *See* Adv. Doc. No. 18 at 4-6 (brief). When the Rule 12 Motion was argued, the DIP had filed a motion in the chapter 11 case seeking to assume the lease under § 365, but SPMI countered that the lease had been "terminated" prepetition, and that there was nothing for the DIP to assume under § 365 and no interest existed constituting property of the estate. *See* Adv. Doc. No. 16 at 8 (answer) (asserting affirmative defense that the adversary for turnover was "contingent upon prior determination by the court on the pending Motion to Assume Lease, as to whether or not it can be considered property of the estate.").

However, these issues in the adversary proceeding were impacted by the Lease Decision later in May. The Lease Decision found that the lease had not been terminated, even though possession of the leasehold had been surrendered to

MEMORANDUM OF DECISION (TURNOVER) - 4

SPMI.[4]

The conclusion reached in the Lease Decision that the lease had not been terminated resolves the contention raised in the Rule 12 Motion. The Court concludes that the Rule 12 Motion is, for that reason, not well taken and the same will be denied.

Absent dispute over the estate's interest in the lease, the issue becomes one of a debtor in possession's entitlement to turnover of property of the estate. That issue is raised in the DIP's adversary complaint and by its turnover motion in the chapter 11 case.

### 2.    The chapter 11 case

*United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), holds:

> Section 542(a) . . . requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee. Given the broad scope of the reorganization estate, property of the debtor repossessed by a secured creditor falls within this rule, and therefore may be drawn into the estate. While there are explicit limitations on the reach of § 542(a), none requires that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings.

462 U.S. at 205-06 (footnotes omitted). Thus, the fact that the DIP lacked

---

[4]  The Court did not immediately revisit the Rule 12 Motion and this adversary proceeding. The parties were in the midst of extensive litigation over the DIP's motion to assume the lease and related matters in the chapter 11 case, which occupied some four days of hearings in June. There was also a notice of appeal by SPMI (since withdrawn) and a motion for reconsideration by SPMI (since resolved by decision) in connection with the Lease Decision. SPMI had also advanced a motion to dismiss, and litigation ensued over whether that matter should be heard on shortened notice.

MEMORANDUM OF DECISION (TURNOVER) - 5

possession of the leasehold – the Sunshine Mine – on the date of filing is not an

impediment to its turnover under § 542.

It is true that the DIP did not return to the adversary proceeding after the

Lease Decision was entered to press its demand for turnover.  Instead, it filed the

"emergency motion."  That approach raises a procedural question because seeking

turnover of property from third parties generally requires an adversary proceeding.

*See* Fed. R. Bankr. P. 7001(1).  This Court has previously noted that such relief is

unavailable by motion.  *See*, *e.g.*, *In re Soderberg*, 99.4 I.B.C.R. 152, 1999 WL

34754113 (Bankr. D. Idaho 1999).

Case law, however, provides exceptions to this rule.  In *Austein v. Schwartz*

*(In re Gerwer)*, 898 F.2d 730 (9th Cir. 1990), the court concluded that the trustee's

prosecution of a turnover request by motion rather than adversary proceeding did

not harm the third party, a creditor, and the failure to require the different

procedural process was harmless error.  *Id.* at 734.  The Bankruptcy Appellate

Panel in this Circuit, in *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551

(9th Cir. BAP 2002), and *United States v. Valley Nat'l Bank (In re Decker)*, 199

B.R. 684, 689-90 (9th Cir. BAP 1996), further explained that there are situations

where a turnover request on motion may be error, but the error will be harmless.[5]

---

[5]  A different conclusion was reached in *Smith v. Wheeler Tech., Inc. (In re Wheeler Tech., Inc.)*, 139 B.R. 235, 239-41 (9th Cir. BAP 1992), but the motion there was brought ex parte and due process considerations were implicated.

MEMORANDUM OF DECISION (TURNOVER) - 6

Here, the DIP brought an adversary proceeding for turnover against SPMI and SNS Silver.  Its only failure is a technical one, in that it did not raise the "emergency motion" within the context of the adversary proceeding.  Instead, the DIP filed the "emergency motion" in the main chapter 11 case.  In context, the error is inconsequential.  Due process has been afforded to the opposing party; SPMI has been given notice and has been heard on all matters related to the lease and turnover.  Finally, SPMI raised no objection on August 4, as the emergency motion was heard, that the procedure was improper under Rule 7001.

Under the cases noted, and in light of Fed. R. Bankr. P. 1001 which commands the Court to construe the Rules "to secure the just, speedy, and inexpensive determination of every case and proceeding," the prosecution of the instant turnover request by motion in the chapter 11 case is harmless and unobjectionable.

In considering whether possession of the Sunshine Mine should be delivered to the DIP, the Court starts with the language of § 542(a).  It states that "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under § 363 of this title . . .  shall deliver to the trustee . . . such property[.]"  The DIP exercises the rights of a trustee for purposes of this section.  See § 1107. *Whiting Pools* recognizes both the scope of that section and the mandatory nature of its command to deliver possession of the

MEMORANDUM OF DECISION (TURNOVER) - 7

property to the trustee.[6]

The DIP advanced the request through its emergency motion given concern

over the care of the Sunshine Mine (especially given SNS Silver removed itself

from the role of caretaker on July 14) and, in particular, the anticipation that

pumping of water, which is rising in the Mine, must begin within the next 30 days.

The evidence supports the concerns voiced.  The evidence also reflects that the

DIP has the ability to presently mobilize personnel needed for the care and

maintenance of the leasehold.  Financing for such efforts and activities is

available, as reflected in the Decision and Order which is simultaneously entered

approving the DIP's Final Motion for Approval of Post-Petition Financing

Agreement, Doc. No. 143.

**CONCLUSION**

Based on a review of the pleadings and record in both the adversary

proceeding and the chapter 11 case, and consideration of the evidence and

arguments presented at hearing on August 4 and 5, and in light of the applicable

authorities, the Court determines (1) that SPMI's Rule 12 Motion, Adv. Doc. No.

17, will be denied, and (2) that the DIP's Emergency Motion for Turnover will be

---

[6] *See State of Cal. Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.),* 98 F.3d
1147 (9th Cir. 1996) (finding that the failure to heed the command "shall deliver" in § 542(a)
violates the § 362(a) stay, and Congress placed the burden on parties in possession of estate
property to deliver it rather than on trustees to demand turnover of it); *In re Johnson,* 262 B.R.
831, 01.2 I.B.C.R. 72, 77 (Bankr. D. Idaho 2001) (same).

MEMORANDUM OF DECISION (TURNOVER) - 8

granted.  Orders will be entered accordingly.

DATED:  August 14, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION (TURNOVER) - 9